IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NICODEMUS LEE BROWN, :
:
Petitioner :
: CIVIL NO. 4:CV-08-2273
:
v. : (Judge Jones)
:
COMMONWEALTH OF :
PENNSYLVANIA, *et al.*, :
:
Respondents :

## MEMORANDUM

December 29, 2008

### I.   BACKGROUND:

Nicodemus Lee Brown ("Petitioner" or "Brown"), an inmate presently confined at the Huntingdon State Correctional Institution ("SCI-Huntingdon") in Huntingdon, Pennsylvania, filed this *pro se* Petition for Writ of Habeas Corpus ("Petition") pursuant to the provisions of 28 U.S.C. § 2254.[1]

Petitioner names the Commonwealth of Pennsylvania and the Pennsylvania Attorney General as Respondents. He states that he was convicted on January 31,

---

[1] In his Petition, Petitioner states that the $5.00 filing fee will be forthcoming, but also requests *in forma pauperis* status on the basis that he has funds in his prisoner account in addition to the $5.00. (*see* Doc. 1 at 13.) Inasmuch as he indicates that he has no more than $5.00 in his prison account, Petitioner's request to proceed *in forma pauperis* will be granted.

2002 in the Allegheny County Court of Common Pleas for the offenses of first degree murder, carrying firearms without a license, carrying firearms as a former convict, statutory sexual assault, involuntary deviate sexual intercourse, indecent assault, and corruption of minors. (*See* Doc. 1 at 1.) Petitioner was sentenced on April 4, 2002 to a term of life in prison. (*See id.*) Petitioner raises grounds of ineffective assistance of trial and plea counsel. (*See id.* at 5-9.)

## II.   DISCUSSION:

A petition for writ of habeas corpus under § 2254 may be filed in the district court for the district in which petitioner is in custody, or it may be filed in the district court of the district in which the challenged state court proceedings took place, and each of these courts shall have concurrent jurisdiction to entertain the application. 28 U.S.C. § 2241(d). Pursuant to the provisions of 28 U.S.C. § 1404(a), a district court may, for the convenience of the parties and witnesses, and in the interest of justice, transfer any civil action to any other district where it might have been brought.

Brown's sentence was imposed by the Allegheny County Court of Common Pleas in Pittsburgh, Pennsylvania, which is located in the Western District of Pennsylvania. The state court and records, as well as the witnesses and testimony, are all located in Pittsburgh. Therefore, the convenience of the parties and witnesses and the interest of justice would be served by transfer of this action to the United States

2

District Court for the Western District of Pennsylvania.

An appropriate Order shall issue.